# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT DARNELL, Individually, and as Representative of Deceased, WILLIAM DARNELL, <br><br> Plaintiff, <br><br> vs. <br><br> HOELSCHER Inc., a corporation, <br><br> Defendant/Third-Party Plaintiff, <br><br> vs. <br><br> WRC FARMS, LLC, and <br> WRC THOROUGHBREDS, INC., <br><br> Third-Party Defendants. | Cause No. 11-cv-449-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Robert Darnell's emergency motion to remand this case to the Circuit Court for the Second Judicial Circuit, Franklin County, Illinois (Doc. 5). Defendants Hoelscher, Inc. ("Hoelscher") (Doc. 6) has responded to the motion, and Darnell has replied to that response (Doc. 10).

I.  **Background**

This case arose after William Darnell, the plaintiff's decedent, died while operating the Hoelscher Model 1000 Hay Accumulator with serial number #04816 ("the Accumulator"), a piece of farm equipment designed, manufactured and distributed by defendant Hoelscher. F.B. McAfoos & Company ("McAfoos") sold the Accumulator to the decedent as an agent of the decedent's employer, WRC Farms, LLC. The plaintiff believes that, since the time it left Hoelscher's control, the Accumulator was defective because it was unreasonably dangerous in a

number of specific ways. The alleged defects relate to the Accumulator's hydraulic loading mechanism. As a result of the defects, the Accumulator jammed, then moved without activation and injured the decedent, ultimately causing his death. The plaintiff also believes McAfoos was negligent in assembling the Accumulator before selling it and in failing to provide the decedent with adequate instructions about how to safely operate it.

In January 2009, the plaintiff, who is the administrator of the decedent's estate, brought a lawsuit in the Circuit Court for the Second Judicial Circuit in Franklin County, Illinois, seeking to recover from Hoelscher on a strict products liability theory. Hoelscher removed the case to federal court relying on the Court's original diversity jurisdiction, *see* 28 U.S.C. § 1332(a). Darnell is a citizen of Illinois, the decedent's state of citizenship prior to his death, and Hoelscher is a citizen of Kansas, so complete diversity existed. In addition, Darnell clearly claims more than $75,000, exclusive of interest and costs. Thus, the Court had original diversity jurisdiction over this case.

In September 2009, Hoelscher filed a third-party complaint against McAfoos and other parties alleging that they share in any liability to Darnell. McAfoos is a citizen of Illinois, but since it was only a third-party defendant its common citizenship with Darnell did not destroy diversity jurisdiction, and the Court had supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear Hoelscher's third-party claim against McAfoos. *See Abbott Labs. v. CVS Pharmacy, Inc.*, 290 F.3d 854, 858 (7th Cir. 2002).

On May 27, 2010, Darnell amended his complaint to allege a negligence claim directly against McAfoos. Because Darnell and McAfoos were both citizens of Illinois, the amendment destroyed diversity jurisdiction, and on August 4, 2010, the Court remanded the action to the

Circuit Court for the Second Judicial Circuit, Franklin County, Illinois, pursuant to 28 U.S.C. § 1447(e).

In state court, the parties continued to litigate the matter in anticipation of an August 9, 2011, trial date. Darnell was able to settle his claim against McAfoos, and on May 27, 2011, McAfoos was dismissed from the case. Seeing that the remaining parties were completely diverse, later in the day, Hoelscher again removed the case to federal court on the basis of original diversity jurisdiction.

Darnell now asks the Court to remand the case on the grounds that the notice of removal was untimely under 28 U.S.C. § 1446(b). Hoelscher believes the time limitation Darnell cites does not apply or, in the alternative, that its notice of removal was timely even in light of that time limitation.

## II.     Analysis

Generally, a defendant may remove to federal court a case filed in state court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Removal must be accomplished within certain time limitations:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> *If the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction*

3

> *conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis added). An action is commenced when it is originally filed. *See* Fed. R. Civ. P. 3; 735 ILCS 5/2-201(a), The one-year limitations period was intended to preclude removal late in the proceedings when substantial progress has already been made in state court. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75 n. 12 (1996) (citing H.R. Rep. No. 100-889, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032).

If the notice of removal is defective for failure to meet time requirements, the Court should remand the case pursuant to 28 U.S.C. § 1447(c). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

Here, the parties dispute whether the one-year limitation in the last clause of the second paragraph of § 1446(b) prohibits Hoelscher's current removal of this case. Darnell contends that it does because the action was commenced in January 2009 when Darnell filed his original complaint against Hoelscher in state court, and Hoelscher's current removal was more than a year later. Alternatively, Darnell argues that even if the May 27, 2010, amendment of the complaint constituted commencement of the action, the complaint should be deemed amended on the day Darnell sought leave to file the amended complaint, May 11, 2010, more than a year before Hoelscher's second notice of removal.

Hoelscher argues that, by its very terms, the second paragraph of § 1446(b) containing the one-year limitation period does not apply to it because the first clause of the paragraph is not satisfied: Darnell's initial pleading was removable. Alternatively, it argues Darnell's action was

4

commenced on May 27, 2010, when he filed his amended complaint, not in January 2009 when he filed his initial complaint. Hoelscher also argues that remanding this case would encourage plaintiffs to manipulate their choice of defendants to deprive diverse defendants of a federal forum.

    A.    <u>Applicability of One-Year Limitation</u>

Hoelscher argues that the one-year statute of limitations does not apply because the case stated by Darnell's initial pleading in January 2009 was removable and by its terms, the one-year limitation period only applies to cases in which "the initial pleading is not removable." A number of circuit courts have held that the one-year limitation clause does not apply to cases that were removable when initially filed. *See, e.g., Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002) (initial complaint established diversity jurisdiction but defendant failed to remove; diverse defendant added by amended pleading could remove more than one year after initial complaint filed); *Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000) (initial complaint established diversity jurisdiction but defendants failed to remove; defendants could remove following amended complaint that added substantially different claims more than one year after initial complaint filed); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, (6th Cir. 1999) (after removal by one defendant was unsuccessful, newly served co-defendant could remove more than a year after complaint filed).

In *dicta*, the Seventh Circuit has also endorsed this interpretation of § 1446(b):

> The clause containing the one-year bar is part of the paragraph specifically addressing the time limits for cases that are not initially removable; its placement in this paragraph indicates that it modifies only the immediately preceding language in the same paragraph, not the more general time limitation contained in the preceding paragraph.

5

*Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 n. 6 (7th Cir. 2007). Although this statement is not binding on this Court because it is *dicta*, *see Tate v. Showboat Marina Casino P'ship*, 431 F.3d 580, 582 (7th Cir. 2005), the Court gives weight to such a clear statement of the precise question in light of the reasoning supporting the *dicta*.

The cases Darnell cites in support of a contrary position are not persuasive. In *Mills v. Martin & Bayley, Inc.*, No. 05-cv-888-GPM, 2007 WL 2789431 (S.D. Ill. Sept. 21, 2007), the court held the one-year limitations period applied to bar removal based on diversity jurisdiction after a non-diverse defendant was dismissed from the case more than a year after the original complaint was filed. However, in that case, the initial state court pleading was not removable on the basis of diversity jurisdiction because it named a non-diverse defendant. Thus, the second paragraph of § 1446(b), and its one-year limitation, clearly applied. It is true that the *Mills* court made broad statements about the complete bar to removal of actions relying on diversity jurisdiction more than a year after an action is commenced, but that court did not expressly consider the question before the Court in this case: does the one-year limitation period apply *in cases that were initially removable*? Furthermore, it did not discuss or distinguish any Court of Appeals precedents holding the one-year limitation applied only where the original pleading was not removable. Thus, *Mills* does not persuade the Court that *Price*'s dicta is incorrect.

*Stephens v. Burns & Wilcox, Ltd.*, No. 09-cv-860-GPM, 2009 WL 3756444, 5 (S.D. Nov. 7, 2009), also does not convince the Court to apply the one-year limitation to cases that were removable as originally pled. It is true that the case pled in *Stephens* was initially removable and in this aspect resembles the case at bar. However, the *Stephens* court, after noting several Courts of Appeals cases applying the one-year limitation only to cases not removable at their inception,

6

declined to decide whether such a rule was superior to its prior position in *Mills* that the one-year limitation applied to all removed diversity cases. *Id.* at *5. Again, *Stephens* does not mention *Price*'s dicta, which this Court finds indicative of how the Seventh Circuit Court of Appeals is likely to view the issue.

Thus, the relevant question becomes whether "the case stated by the initial pleading" was removable. If so, the limitation period does not apply and removal was proper. If not, the one-year limitation period applies, and the Court must decide whether the second removal was timely.

B. <u>Removability of Case Stated by Initial Pleading</u>

The case stated by Darnell's initial pleading in January 2009 was removable, as was demonstrated by Hoelscher's first successful notice of removal. Thus, the one-year limitation period in the second paragraph of § 1446(b) does not apply, and Hoelscher's removal is timely.

C. <u>Compliance with One-Year Limitation Period</u>

Alternatively, even if the Court were to construe Darnell's amended complaint as the "initial pleading" (since it added a new claim against a new defendant), the result would be the same. Darnell's amended complaint, filed on May 27, 2010, failed to state a case over which the Court had jurisdiction because the parties in the amended complaint were not completely diverse. To the extent this can be equated with failing to state a removable case, the amended complaint triggered the application of the second paragraph of § 1446(b), including the one-year limitation period. However, Hoelscher's May 27, 2011, notice of removal fell (barely) within that period, so it was timely, and removal was proper.

Darnell's alternative argument that the amended complaint should be deemed to have

been filed – and his action "commenced" – on May 11, 2010, the day he sought leave to file it, has no merit. An action is commenced when it is filed, *see* Fed. R. Civ. P. 3; 735 ILCS 5/2-201(a), and "[a] paper is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk," Fed. R. Civ. P. 5(d)(2). Magistrate Judge Proud agreed to give Darnell leave to file his amended complaint, but he did not agree to accept the amended complaint for filing or to send it to the clerk himself pursuant to Rule 5(d)(2)(B). On the contrary, he gave Darnell additional time in which to accomplish filing according to Rule 5(d)(2)(A).

D. Consistency with Purpose of Limitation Period

This result is consistent with the purpose of the one-year limitation period: avoiding a situation where substantial work has been done in state court but must then be disrupted by a sudden shift to federal court. This case was in federal court twice as long as it was in state court. The Court has no doubt that substantial work was done in this forum prior to remand and that the work done in the state forum after remand will be useful here without excessive disruption. The Court is mindful that this case has an odd and lengthy procedural history, but the Court is willing to expedite this matter to trial in this forum. Clearly, the parties are ready and anxious to go to trial, and the Court will accommodate them as much as possible.

For all the foregoing reasons, the Court will deny Darnell's motion to remand (Doc. 5).

E. Administrative Matters

In reviewing the file, the Court has noted that Hoelscher has failed to observe the steps necessary to ensure this Court is equipped to handle this case after removal. For example, it has attached to its notice of removal a copy of the original complaint, which is no longer the

operative pleading in this case. It has also failed to explain the status of WRC Farms, LLC, and WRC Thoroughbreds, Inc., and has failed to attach any state court order that may have disposed of those parties. *See* 28 U.S.C. § 1446(a) (notice of removal must attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action"). As a consequence, it is unclear which parties and claims remain in this case and how the parties should appear on the docket sheet. In order to proceed with this litigation, it will be necessary for Hoelscher to file an amended notice of removal correcting the aforementioned defects.

### III. Conclusion

For the foregoing reasons, the Court:

- **DENIES** the motion to remand (Doc. 5);

- **ORDERS** that Hoelscher shall have up to and including July 1, 2011, to file an amended notice of removal curing the aforementioned defects  If Hoelscher does not timely file an amended notice, the Court may strike its existing notice of removal; and

- **ORDERS** the parties to contact Judge Frazier's chambers to set up a status conference to facilitate the expeditious disposition of this case.

**IT IS SO ORDERED.**
**DATED:  June 20, 2011**

s/ J. Phil Gilbert
**JUDGE J. PHIL GILBERT**